UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEL CARTER,

        Plaintiff,                            Civil Action No. 14-CV-13234

v.                                          Honorable Patrick J. Duggan

KENDALL BYRD, et al.,

        Defendants.
_____/

## OPINION AND ORDER SETTING ASIDE THE MAGISTRATE JUDGE'S TEXT-ONLY ORDER ISSUED ON FEBRUARY 6, 2015, and RETURNING THE MATTER TO THE MAGISTRATE JUDGE FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION AND ORDER

Proceeding *pro se*, Plaintiff Joel Carter, a Michigan Department of Corrections prisoner, filed this civil rights lawsuit on August 20, 2014 against three prison officials alleging that he was retaliated against for engaging in activity protected by the First Amendment to the United States Constitution. The Court referred all pretrial matters to Magistrate Judge Patricia T. Morris.

One of the three Defendants – Randall Haas – filed a motion for summary judgment on December 8, 2014, arguing that Plaintiff cannot satisfy one of the

elements of his First Amendment claim against Defendant Haas and, in any event, Defendant Haas is entitled to qualified immunity.[1]

On January 8, 2015, Plaintiff filed a motion asking the Court to defer ruling on Defendant Haas's summary judgment motion pending the completion of discovery.  Plaintiff brings his motion pursuant to Federal Rule of Civil Procedure 56(d), which allows courts to, among other things, "defer considering" a motion for summary judgment "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."  In his motion, Plaintiff explains what evidence he seeks to obtain through discovery and why that evidence is necessary to defeat Defendant Haas's summary judgment motion.  Plaintiff states that the evidence that he hopes to obtain through discovery will show that the purported facts contained in Defendant Haas's affidavit, filed in support of his summary judgment motion, are false.  Plaintiff attaches an affidavit to his motion, as required by Rule 56(d).

About one month later, on February 6, 2015, Defendant Haas filed a motion to stay discovery arguing, among other things, that discovery should be stayed until his motion for summary judgment is resolved.  Defendant Haas points out that the motion, if granted, would end the lawsuit against him and eliminate the need for discovery.

---

[1] At the time Defendant Haas filed his motion for summary judgment, the other two Defendants had not yet been served.

2

On February 6, 2015, Magistrate Judge Morris issued a "text-only order" denying both Plaintiff's motion to defer ruling on Defendant Haas's summary judgment motion pending discovery and Defendant Haas's motion to stay discovery pending resolution of his summary judgment motion. The order provides no analysis of the motions and does not include any explanation as to why they were denied.

Both Plaintiff and Defendant Haas have filed objections to the Magistrate Judge's text-only order. Plaintiff continues to argue that discovery is necessary to enable him to properly respond to Defendant Haas's summary judgment motion, and Defendant Haas continues to argue that discovery should be stayed pending resolution of his motion for summary judgment.

The Court must modify or set aside Magistrate Judge Morris's text-only order if it is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). The Court is unable to rule on the propriety of the order, however, because the order is entirely unexplained. Accordingly, the Magistrate Judge's text-only order dated February 6, 2015 denying the two motions discussed above is **SET ASIDE**, and the matter is **RETURNED** to Magistrate Judge Morris to reconsider the motions and provide an explanation of her rulings.

**SO ORDERED**.

Dated: March 20, 2015                    s/PATRICK J. DUGGAN
                                         UNITED STATES DISTRICT JUDGE

Copies to:

Joel Carter
Kevin R. Himebaugh, Esq.