UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEL CARTER,

        Plaintiff,                        Civil Action No. 14-CV-13234

v.                                         Honorable Patrick J. Duggan

KENDALL BYRD, RANDALL
HAAS, and STAN WHITE,

        Defendants.
_____/

**<u>OPINION AND ORDER (1) ADOPTING IN PART AND REJECTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (2) GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS BYRD AND HAAS, and (3) SUMMARILY DISMISSING CLAIMS AGAINST DEFENDANT WHITE</u>**

**I. INTRODUCTION**

    Proceeding pro se, Plaintiff Joel Carter, a Michigan Department of Corrections ("MDOC") prisoner, filed this civil rights lawsuit under 42 U.S.C. § 1983, alleging that he was retaliated against in violation of his First Amendment rights while confined at the Macomb Correctional Facility. Plaintiff sues three prison officials in their individual capacities only: Kendall Byrd, assistant resident supervisor; Randall Haas, deputy warden; and Stan White, grievance coordinator. Plaintiff claims that Defendant Byrd issued him a misconduct ticket for "threatening behavior," and that Defendant Haas subsequently ordered Plaintiff be

placed in segregation and transferred to a different prison facility, in retaliation for Plaintiff's threat to file a grievance related to the allegedly improper retention of his property by Defendant Byrd. The case was referred to Magistrate Judge Patricia T. Morris for all pretrial proceedings.

On December 18, 2014, Defendant Haas filed a motion for summary judgment. On May 7, 2015, Magistrate Judge Morris issued a Report and Recommendation ("R&R") recommending that the motion be granted. Although the motion was not filed on behalf of Defendants Byrd and White, neither of whom had been served at the time, Magistrate Judge Morris recommends that summary judgment be granted in their favor as well. Plaintiff filed objections to the R&R. Defendant Haas has not filed a response to the objections, and the time to do so has expired. The Court reviews *de novo* those portions of the R&R to which a specific objection has been made. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## II. BACKGROUND

A brief recitation of the key facts leading to the filing of this lawsuit is helpful. In March 2012, Plaintiff's beard trimmers were confiscated after he loaned them to another prisoner; however, prison staff allegedly failed to complete the confiscation paperwork mandated by a MDOC policy directive. Compl. ¶¶ 10-11. The next month, Plaintiff requested that his trimmers be returned to him, but Defendant Byrd refused. *Id.* ¶ 12. When Plaintiff told Defendant Byrd that she

lacked authority to retain the trimmers, Defendant Byrd allegedly responded: "Their mine now, your not getting them back, now what?" *Id.*[1] Plaintiff replied: "I'm writing the warden, deputy warden, and assistant deputy warden on you Kendall [Byrd], your about to see how out cold I [can be] with a ink pen or typewriter." *Id.*

About five minutes after this encounter, which occurred on April 23, 2012, prison officials restrained Plaintiff and escorted him to temporary segregation. *Id.* ¶ 13. Interpreting Plaintiff's "out cold" statement as a threat, Defendant Byrd issued Plaintiff a major misconduct ticket for "threatening behavior." *Id.* ¶¶ 13-14. On May 2, 2012, following a hearing on the misconduct ticket, Plaintiff was found not guilty of that offense. *Id.* ¶ 17. However, Plaintiff allegedly remained in segregation despite the not guilty finding. *Id.*

On the same day, May 2, 2012, the prison's security classification committee ordered Plaintiff transferred to a different facility. The reason for the transfer is in dispute. On the one hand, Plaintiff argues that he was transferred because he threated to complain to Defendant Byrd's superiors about Defendant Byrd's purported improper retention of Plaintiff's beard trimmers. In support of that view, Plaintiff offers his "security reclassification notice," which was signed by Defendant Haas and another prison official on May 2, 2012. The notice

---

[1] The Court dispenses with the use of "[sic]" due to the large number of typographical and grammatical mistakes made by Plaintiff in his papers.

3

indicates that Plaintiff was found guilty of "012 threatening behavior," even though Defendant Haas does not dispute that Plaintiff was found not guilty of that offense, and that he was being transferred "because" of that guilty finding. Security Reclassification Notice (ECF No. 26 Page ID 173). Plaintiff also cites his own affidavit, in which he attested that Defendant Haas told him that he was being transferred because he threatened Defendant Byrd:

> I asked Haas why was I still being held in segregation after the not guilty finding. Haas replied "why did you threaten . . . Byrd? [and] I replied stating that I was found not guilty. Haas then stated "I believe you threatened her, so I'm transferring you. You'll remain in segregation until you transfer."

Pl. Aff. ¶ 5 (ECF No. 26 Page ID 183).

On the other hand, Defendant Haas argues that Plaintiff was held in segregation and transferred for a reason unrelated to his threat to complain about Defendant Byrd. According to Defendant Haas, Plaintiff was held in segregation and transferred because he was found guilty of "sexual exposure" on April 29, 2012. In support of his position, Defendant Haas relies on his own affidavit, in which he denied telling Plaintiff that he was being transferred because of his purported threat to Defendant Byrd, instead attesting that Plaintiff was transferred "solely" because he was found guilty of sexual exposure on April 29, 2012. Haas Aff. ¶¶ 4, 7 (ECF No. 12-2). Plaintiff does not deny that he was found guilty of sexual exposure on April 29, 2012.

The record also contains a copy of Plaintiff's transfer order. The order references Plaintiff's sexual exposure misconduct twice, once under the heading "current offense" and again under the heading "last major offense." The "comments" section reads: "Inmate found guilty of 012, 055, SCC [security classification committee] recommends alt placement to alternative level IV." Transfer Order (ECF No. 12-2 Page ID 75). "012" appears to be a reference to the offense of "threatening behavior"; it is not clear what "055" refers to because Defendant Haas does not explain the notation.[2] Therefore, the transfer order is consistent with the security reclassification notice; both indicate that Plaintiff was transferred because of threatening behavior. These documents, one of which is signed by Defendant Haas, are inconsistent with Defendant Haas's statement in his affidavit that Plaintiff was transferred "sole[ly]" because of sexual exposure. Haas Aff. ¶ 7.

Meanwhile, on April 30, 2012, Plaintiff filed a grievance against Defendant Byrd, alleging that she issued the misconduct ticket for threatening behavior, which caused Plaintiff to be held in segregation, in retaliation for Plaintiff's threat to complain to Defendant Byrd's supervisors regarding her allegedly improper retention of Plaintiff's beard trimmers. *Id.* ¶ 22. Plaintiff's grievance was rejected

---

[2] The Court assumes that "012" is a reference to the offense of threatening behavior because "012 threatening behavior" appears on the security reclassification notice.

5

by Defendant White at step one. *Id.* ¶ 23. According to Plaintiff, Defendant White improperly rejected the grievance. *Id.* ¶¶ 23-24, 26.

### III. ANALYSIS

Plaintiff alleges that Defendant Byrd issued the misconduct ticket and that Defendant Haas held Plaintiff in segregation and subsequently transferred him to a different facility because Plaintiff engaged in protected First Amendment activity, the protected activity being his threat to complain to Defendant Byrd's superiors regarding the withholding of Plaintiff's beard trimmers. The elements of a First Amendment retaliation claim are as follows:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two – that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In his summary judgment motion, Defendant Haas does not contest the first and second elements of this framework.[3] Rather, he discusses only on the third element, arguing that Plaintiff cannot show that any adverse action was motivated by his protected conduct. Magistrate Judge Morris accepted that argument, concluding that the transfer order conclusively establishes that Plaintiff was transferred

---

[3] Because Defendant Haas does not contest those elements, the Court does not address them.

6

because he was found guilty of sexual exposure. R&R at 8 (ECF No. 30). Magistrate Judge Morris acknowledged that "the security reclassification notice does not say anything about indecent exposure," but deemed the omission "harmless because the actual transfer order shows that Plaintiff was transferred because of 'indecent exposure.'" *Id.* at 8 n.2.

The Court rejects the Magistrate Judge's conclusion regarding the causation element of the *Thaddeus-X* framework. On this record, it is unclear why Plaintiff was transferred and why he was held in segregation after he was found not guilty of threatening behavior. The security reclassification notice indicates that Plaintiff was transferred because he was found guilty of threatening behavior. Contrary to the Magistrate Judge's conclusion otherwise, the transfer order is consistent with the security reclassification notice inasmuch as both indicate that Plaintiff's transfer was based, at least in part, on a guilty finding for "012," or threatening behavior. Although the order references Plaintiff's misconduct for sexual exposure, there is no indication that Plaintiff was transferred for that conduct alone.[4] In sum, the Court concludes that there is a fact issue whether Plaintiff was

---

[4] As noted, the transfer order indicates that Plaintiff was found guilty of "012" and "055," and Defendant Haas fails to explain the meaning of "055." Even if the Court assumes that "055" means sexual exposure, as assumption that the Court is unwilling to make in light of Defendant Haas's inexplicable failure to clarify an important aspect of the record, the Court would still reject the Magistrate Judge's conclusion on the causation element of the *Thaddeus-X* framework because, to satisfy that element, Plaintiff must only show that the "the adverse action was

7

issued a misconduct ticket, placed in segregation, and transferred due to his protected conduct.

However, the Court concludes that Defendants Byrd and Haas are entitled to qualified immunity. "Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012). To resolve claims of qualified immunity, the Court applies a two-step inquiry:

> First, a court must decide whether the facts that a plaintiff has . . . shown . . . make out a violation of a constitutional right. Second, . . . the court must decide whether the right at issue was "clearly established" at the time of defendant's alleged misconduct.

*Pearson v. Callahan*, 555 U.S. 223, 231-32, 129 S. Ct. 808, 815-16 (2009) (citation omitted). Thus, to defeat Defendant Haas's assertion of qualified immunity, "Plaintiff must show both that, viewing the evidence in the light most favorable to [him], a constitutional right was violated and that the right was clearly established at the time of the violation." *Chappell v. City of Cleveland*, 585 F.3d 901, 907 (6th Cir. 2009).

---

motivated *at least in part* by the plaintiff's protected conduct." *Thaddeus-X*, 175 F.3d at 394 (emphasis added). By listing "012" as a reason for the transfer, the transfer order supports what the security reclassification notice explicitly says: Plaintiff was transferred because of his purported threatening behavior.

Construing the evidence in the light most favorable to Plaintiff, the Court concludes that Plaintiff has demonstrated a violation of his right to be free from First Amendment retaliation. As discussed, the evidence, construed in the light most favorable to Plaintiff, indicates that Plaintiff was issued a misconduct ticket, which caused him to be placed in segregation and subsequently transferred to a different prison facility, because of his protected activity, i.e., his threat to inform Defendant Byrd's superiors that Defendant Byrd was allegedly retaining Plaintiff's property unlawfully.

However, Plaintiff also "has the burden of demonstrating that the law was clearly established at the time of the challenged conduct." *Andrews v. Hickman Cnty.*, 700 F.3d 845, 853 (6th Cir. 2012).

> In undertaking this inquiry, we do not assess the right violated at a high level of generality, but, instead, we must determine whether the right is clearly established in a more particularized sense. The Supreme Court has stated that the relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable [official] that his conduct was unlawful in the situation he confronted. It is not necessary, however, for the exact factual situation to have previously been declared unlawful, so long as Defendants have fair warning.

*Armstrong v. City of Melvindale*, 432 F.3d 695, 700 (6th Cir. 2006) (quotation marks, brackets, ellipses, and citations omitted). Therefore, in a First Amendment retaliation case like this one, "the right in question is not the general right to be free from retaliation for one's speech," *Reichle*, 132 S. Ct. at 2094; rather, the Court

9

must determine whether Defendants Byrd and Haas had "fair warning" that their conduct – issuing Plaintiff a misconduct ticket (Defendant Byrd), holding Plaintiff in segregation (Defendant Haas), and transferring Plaintiff (Defendant Haas) in retaliation for Plaintiff's threat to file a grievance – violated the First Amendment.

The Court concludes that it was not clearly established at the time of the alleged retaliation in this case – April 2012 – that a prisoner's *threat* to file a grievance is protected conduct for purposes of a retaliation claim under the First Amendment.[5] "A clearly established constitutional violation requires on-point, controlling authority or a robust consensus of cases of persuasive authority." *Ortega v. U.S. Immigration & Customs Enforcement*, 737 F.3d 435, 439 (6th Cir. 2013) (internal quotation marks and citation omitted). In a decision issued in September 2009, the Sixth Circuit noted that it had not "determined conclusively whether merely threatening to file a grievance constitutes protected activity." *Pasley v. Conerly*, 345 F. App'x 981, 984 (6th Cir. 2009). More recently, in February 2013, the Seventh Circuit similarly noted that it had "not decided whether a threat to grieve is a protected activity." *Brown v. Darnold*, 505 F. App'x 584, 588-89 (7th Cir. 2013). And in September 2013, the Sixth Circuit, citing *Parsley*, concluded that "[t]he contours of the First Amendment right against retaliation for

---

[5] The actual filing of Plaintiff's grievance could not have triggered the challenged retaliatory acts because the bulk of those acts occurred on April 23, 2012, the day the misconduct ticket for threatening behavior was issued and Plaintiff was placed in segregation, and predated the filing of Plaintiff's grievance on April 30, 2012.

10

a threat to file a grievance were not clearly established in 2011." *Aaron v. Kimmel*, No. 12-2660 (6th Cir. Sept. 30, 2013). These cases strongly support the conclusion that it was not clearly established during the timeframe in which the alleged retaliation occurred in this case that a prisoner's threat to file a grievance constitutes protected activity.

Finally, the Court will dismiss Defendant White from this case because the only wrongdoing alleged in the complaint against him is that he wrongly denied Plaintiff's grievance. That allegation, even if true, does not give rise to liability under § 1983. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (no § 1983 liability where defendant's only role is denying an administrative grievance).

## IV.  CONCLUSION

For the reasons stated above, the Magistrate Judge's R&R is **ADOPTED IN PART** and **REJECTED IN PART**, summary judgment is **GRANTED** in favor of Defendants Byrd and Haas, and the claims against Defendant White are summarily **DISMISSED**.

**SO ORDERED.**

Date:  August 10, 2015         s/PATRICK J. DUGGAN
                               UNITED STATES DISTRICT JUDGE

Copies to:

Joel Carter
Kevin R. Himebaugh, Esq.

11